FILED

2018 JUN 18 AM 7:20

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DIANE D'AMATO**, an individual,

Plaintiff,

v.

**PALM RIVER MHP, LLC**, a Florida corporation, and **RAYMOND PERRINE**, an individual,

Defendants.

CIVIL ACTION

Case No. 2:18-cv-430-FtM-29CM

Judge:

Mag. Judge:

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **DIANE D'AMATO** ("D'AMATO" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") for unpaid overtime.

### PARTIES

2. The Plaintiff, **DIANE D'AMATO** ("D'AMATO") is an individual and a resident of Florida who currently resides in Collier County, Florida, and who performed services for the Defendant in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **D'AMATO** was employed by the Defendants first as a property manager who was paid hourly and then as a "beautification specialist," which consisted of performing a variety of landscaping services and other hard labor. **D'AMATO** was involved in the flow of interstate commerce by, *inter alia*, taking delivery of products that moved in interstate commerce and stocking those products. **D'AMATO** was an employee within the contemplation

1

of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **PALM RIVER MHP, LLC** ("**MHP**"), is a Florida corporation and is a covered enterprise under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendant consists of two professional offices and has gross annual sales well in excess of $500,000.00 per year and is engaged in interstate commerce. **MHP**'s employees are engaged in interstate commerce and their business model specifically caters to persons traveling interstate, particularly seasonal visitors to Collier County. **MHP** collects monies from out-of-state sources, including the receipt of monies from using wires drawn from interstate sources. **MHP** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **D'AMATO**. **MHP** supervised and controlled **D'AMATO**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **D'AMATO**. **MHP** maintains employment records of **D'AMATO**. **MHP** was the employer of **D'AMATO**.

4. The Defendant, **RAYMOND PERRINE** ("**PERRINE**") is an individual and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **PERRINE** had the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **D'AMATO**. **PERRINE** supervised and controlled **D'AMATO**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **D'AMATO**. **PERRINE** maintains employment records of **D'AMATO**. **PERRINE** was the employer of **D'AMATO**.[1]

---

[1] **MHP and PERRINE are referred to herein as "Defendants."**

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiffs' claims occurred in Collier County, Florida, which are within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **D'AMATO** was hired by the Defendant on or about August 26, 2012 and was originally employed as a property manager but was then assigned to be a "beautification specialist."

8. At all times during her employment, **D'AMATO** was paid on an hourly basis.

9. This action is brought to recover unpaid hourly compensation owed to **D'AMATO** pursuant to the FLSA. **D'AMATO** has been employed by the Defendant and was required to perform certain work functions for which she was not compensated.

10. Rather than pay **D'AMATO** her lawful overtime, the Defendant required **D'AMATO** to work off-the-clock, usually requiring her to perform work but not include that time on her time sheets. The Defendant has thus willfully engaged in a pattern and practice of unlawful conduct by failing to record, credit, or compensate **D'AMATO** for all of the time the Defendant required or permitted her to perform work for the benefit of the Defendant.

11. This occurred in approximately all weeks of **D'AMATO**'s employment with the Defendant, which resulted in the denial of substantial unpaid overtime due to her.

12. The Defendant also strongly discouraged **D'AMATO** from properly recording her hours worked, which hours were known to the Defendant to have been worked by **D'AMATO**.

13. Throughout the course of her employment, **D'AMATO** was required by the Defendant to work fifty-five (55) to sixty (60) hours per week without proper overtime compensation.

14. The Defendant has denied **D'AMATO** lawful compensation for at least 2,200 overtime hours.

15. Defendant's practices are in direct violation of the FLSA, 29 U.S.C. 201 et. seq., and **D'AMATO** seek injunctive and declaratory relief, compensation, and credit for all unrecorded and uncompensated work required or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, and attorneys' fees and costs.

## COUNT I: VIOLATION OF THE FLSA

16. The Plaintiff hereby incorporate Paragraphs 1-15 in this Count as though fully set forth herein.

17. **D'AMATO** was a covered, non-exempt employee under the FLSA at all times during her employment with the Defendant.

18. The Defendant was required by the FLSA to pay the Plaintiff at least time and one-half for all hours worked the **D'AMATO** in excess of 40 hours in a week.

19. The Defendant had operational control over all aspects of **D'AMATO**'s day-to-day functions during her employment, including compensation.

20. The Defendant was, and is, **D'AMATO**'s "employer" and is liable for violations of the FLSA in this case.

21. The Defendant violated the FLSA by failing to pay **D'AMATO** at least time and one-half for all hours worked over 40 in a week.

22. The Defendant has willfully violated the FLSA in refusing to pay **D'AMATO** proper overtime for all hours worked by her over 40 in a week.

23. As a result of the foregoing, the **D'AMATO** has suffered damages of lost wages.

24. The Defendant is the proximate cause of the **D'AMATO**'s damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: June 15, 2018

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT &DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com